Modified.

### In re BAYER.
### Patent Appeal No. 3108.

Court of Customs and Patent Appeals.
April 17, 1933.

Marks & Clerk, of Washington, D. C. (J. T. Newton, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application in the United States Patent Office for alleged improvements in porous building materials, on December 23, 1925. His specification is brief, and is as follows:

"This invention relates to a manufactured porous material particularly adapted for building and insulating purposes, the material being made from substances which set when mixed with water or other fluids, for example, cement and gypsum. The material is made by adding frothy substances in any convenient way during the treatment of the substance with the mixing fluid. It has been found possible to produce a foam which during the subsequent working of the ma-

984

terial is of such durability that when properly handled a great number of air bubbles are left in the material.

"The material may be made by adding the foam developing substance to the fluid entering the material or to a mixture of the fluid and the solid material which is to be mixed with the fluid and allowed to set. Thereafter the foam may be developed either by stirring up the mass vigorously or by introducing compressed air or carbonic acid. In most cases, however, it will be simplest to first develop the foam and then add the foam to the mixing fluid or to a mixture of the fluid and the setting substance. By production on a large scale the foam may be prepared in a special machine from which it may be carried to a mixing machine of the usual construction so that the foam is introduced into the mixture instead of or simultaneously with the sand or other ingredients.

"I may use as a foamy substance, different kinds of mucilage, for example, the mucilage obtained from sea-tang; the so-called tangin may also be used. The durability of the foam obtained from such substances may be increased by adding gelatine. The quantities required of these substances are small and consequently the manufacturing process is very cheap.

"In certain cases it has been observed that the durability of the foam is further increased by adding small portions of formaldehyde.

"On account of the structure the material produced will be light and heat-proof and it may be manufactured into shaped slabs, which may be fastened on with cement or nails or cast at the place of manufacture."

In connection with this application, the appellant made claim 15, which is as follows: "A cellular fabric comprising a body of adherent bubbles, each having a thin rigid envelope of set hydraulic cement."

This claim is a copy of claim 2 of the patent to Hinton, hereinafter referred to, and was inserted for the purpose of obtaining an interference with said patent.

Both tribunals in the Patent Office rejected the claim, which is the only one in issue here, citing the following references: Sanford, 230,151, July 20, 1880; Aylsworth, 1,087,098, February 17, 1924; Hinton, 1,-739,460, December 10, 1929; Bayer (Br.), 203,718, October 30, 1924.

Both tribunals, however, specifically rejected the claim on the grounds that it was not supported by appellant's disclosure.

The Hinton patent discloses a product which is summed up in the following language: " * * * As set forth in the patent aforesaid, the method produces a cementitious material of cellular structure which is produced by agitating and aerating a mixture of hydraulic cement and water, to which is added a relatively small quantity of a frothing flotation reagent, the aeration of the mixture being brought about by breaking up air forced into the mixture into bubbles which are uniformly distributed throughout the mixture and which, because of the presence of the flotation reagent, take on a sheath or envelope of cement, the cement coated bubbles eventually rising to the top of the mixture and collecting to form a froth of mutually adherent bubbles, which may be cast into molds or formed into the desired shapes by other means, so that the final product is in the form of a fabric of cellular structure in which the unit cells are mutually adherent shells of set hydraulic cement."

It is quite evident that Hinton had in mind a product such as is described in the rejected claim 15 here involved.

We agree with the Patent Office tribunals that the appellant here has not made a disclosure of any such product. The product which he does disclose in his specification will consist of a cementitious mass throughout which bubbles are mixed, and which will therefore be a porous cement mass. If, as the Patent Office tribunals state, this is all the appellant discloses, his application for patent must be rejected on reference to Sanford and Aylsworth, each of whom discloses such a structure. If, on the other hand, appellant's product differs from that of Aylsworth and Sanford, and is such a product as is shown by Hinton, appellant's disclosure is not sufficient to describe any such product. Appellant's product is a "material * * * of such durability that when properly handled a great number of air bubbles are left in the material." This differs greatly from a material which is all bubbles, as described in the claim.

This being true, appellant is not entitled to the allowance of his claim 15, and the decision of the Board of Appeals is affirmed.

Affirmed.